*VAN OSTERN*
*v.*
*SIMMONS.*

~~~~~~~~~~~~~~~~~~~~~~

## MARIE SCHEWER, Wife of J. SCHEWER, *v.* LOUIS KLEIN.

Where a suit was brought for defamation of character, and defendant failing to answer, a judgment by default was made final without the intervention of a jury, on *ex parte* affidavits sworn to before the Clerk some days previous to the trial—*Held:* That a jury ought to have been empanelled to assess the damages, the witnesses ought to have been examined in open court on the trial, or their depositions taken according to law should have been offered in evidence.

Where the husband of the plaintiff is not a party to the suit, his authorization to bring the suit should be shown.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
    *Nelville Soulé*, for plaintiff.    *W. D. Hennen*, for defendant and appellant.
    MERRICK, C. J.    This is a suit for defamation of character.

The defendant failed to answer, and the judgment by default was made final without the intervention of a jury, on *ex parte* affidavits sworn to before the Clerk some days previous to the trial.

The petition avers that the plaintiff, a married woman, is authorized to bring the suit, but there is no proof of such authorization in the record.

Defendant appeals. He relies, for a reversal of the judgment, upon three supposed errors, viz:

1st. That the court erred in confirming the default on *ex parte* affidavits.

2nd. That the damages could only be assessed by a jury. And,

3d. That there being no proof of the authorization of the husband to bring the suit, it ought to be dismissed.

It appears to us that there was error in the three particulars complained of. A jury ought to have been empanelled to assess the damages. The witnesses ought to have been examined in open court on the trial, or their depositions, taken according to law, should have been offered in evidence. The husband of the plaintiff is not a party to the suit. His authorization to bring the suit should have been shown. C. P. 360; 17 La. 332; C. P. 312; 6 An. 521; 11 An. 265; 2 An. 140.

The case must be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the case be remanded to the lower court for a new trial according to law, the plaintiff paying the costs of the appeal.

LAND, J., absent.